Case 4:23-cv-01418   Document 23   Filed on 07/03/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN AGUILAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01418 |
| | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | | |

## AMENDED MEMORANDUM AND ORDER

This case is before the Court on the petitioner's, Adrian Aguilar, application for a writ of habeas corpus. Having carefully considered the petition, the respondent's answer, the petitioner's reply, and the arguments and authorities submitted by the parties, the Court is of the opinion that the petitioner's application should be dismissed.

**I.   BACKGROUND**

The petitioner was convicted by a jury of murder and sentenced to a 99-year term of imprisonment. The testimony received by the jury shows that on December 4, 2012, Joe Aguilar, Sr., and his wife, Yolanda Aguilar, a passenger in Joe, Sr.'s vehicle, were the subject of a shooting while returning home. The jury concluded that it was the petitioner who fired shots into Joe, Sr.'s vehicle striking his wife, Yolanda, and causing her death. After the shooting, the petitioner fled from Houston, Texas eventually landing in the state of Louisiana where he was later arrested. After conviction, the petitioner followed the usual appeals process.

## II. PROCEDURAL HISTORY

The First Court of Appeals affirmed the judgment and sentence on August 24, 2017[1]. On December 13, 2017, the Texas Court of Criminal Appeals ("TCCA") refused the petitioner's request for discretionary review. He did not file a petition for a writ of *certiorari*. However, on March 12, 2021, the petitioner filed a state habeas application. The TCCA denied it without a written order on March 15, 2023. He then filed this federal petition on April 8, 2023. In his federal petition, the petitioner raises various claims for relief. However, the respondent, the State of Texas, argues that the petition is time-barred and, therefore, should be denied.

## III. ANALYSIS

### A. *The Applicable Legal Standards*

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA federal habeas relief, based upon claims that were adjudicated on the merits at the State level, cannot be granted except on two bases: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999). Here, however, the Court may not reach the merits of the petitioner's claims when he has failed to timely present his claims to the Court. The State's Statute of Limitations contention challenges the

---

[1] *See Aguilar v. State*, No. 01-15-00972-CR, 2017 WL 3634248, at *1–4 (Tex. App. – Houston [1st Dist.] Aug. Aug. 24, 2017, pet. ref'd). Texas's First Court of Appeals affirmed the petitioner's conviction.

timeliness of the petitioner's application. Therefore, the Court addresses the respondent's timeliness contention.

B. *Statute of Limitations*

Under the AEDPA, a state prisoner has one year within which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). It begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The record before the Court shows that the petitioner's conviction became final, at the latest, on March 13, 2018, the date when time to file a *writ of certiorari* to the Supreme Court expired. The record shows that the petitioner's application for discretionary review by the TCCA was late filed. *See Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003). Therefore, absent tolling, the petitioner's federal petition, filed in 2023, is untimely. However, the petitioner may avoid this limitations outcome if he can establish an equitable or legal basis for tolling the statute.

Precedent holds that the Statute of Limitations is tolled during "[t]he time which a properly filed application for a State post-conviction or other collateral review with respect to the pertinent . . . claim [is] pending . . .." 28 U.S.C. § 2244(d)(2). The petitioner, however, did not file a state habeas application until March 12, 2021, nearly two years after his conviction became final. Hence, the time for filing a federal writ application had already expired. *See* [*Id.*]. Nevertheless, the petitioner argues that he has evidence establishing that he is actually innocent of the crime, and that that their "new' evidence creates a gateway for consideration of his time-barred claims. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Court will address these allegations.

First, the petitioner contends that the trial testimony of Elaine Garza establishes his innocence. The petitioner cites to her testimony where he claims that she testified that she was

watching Family Feud from 12:00 to 1:00 PM, when the petitioner left her home on the day of the murder. He claims that this is proof that he could not have committed the murder. The evidence places the shooting between 11:40 and 11:45 a.m. In addition, the jury heard other portions of Garza's testimony where she testified that she was "probably watching" Family Feud. Hence, the jury considered all of Garza's testimony reached a verdict contrary to that now fostered by the petitioner. Hence, this is not new evidence but the result of a reasonable analysis of all the evidence. The state court's habeas conclusion is also entitled to reasonable deference under state law and the AEDA.

Next, the petitioner points to a 2020 affidavit executed by George Aguilar, the petitioner's brother, that he argues provides an alibi. The affidavit asserts that the petitioner was at home when the murder occurred. However, George's affidavit is contradicted by a recorded oral statement that he made earlier during the investigation. This "recant" comes over two years after the trial and recants are generally unreliable.

The Fifth Circuit addressed the issue of recanted testimony in Spence *v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996). The Circuit Court held that recants must be viewed with suspicion. Moreover, an "[u]nexplained delay in presenting alleged new evidence bears on the determination of whether the petitioner has made the requisite [innocence] showing." *McQuiggin*, 569 U.S. at 399.

George Aguilar's affidavit comes over three years after the trial and the petitioner's conviction. The fact that the affidavit contradicts an earlier statement and fails to explain or account for the delay, militates against a finding that the affidavit establishes that the petitioner is actually innocent.

Finally, the petitioner's argument that the affidavit could not have been discovered with reasonable diligence before the limitations period expired must also be rejected. To the extent that this argument constitutes a freestanding claim of actual innocence based on the affidavit, the petitioner is again not entitled to relief. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). There is no evidence of an independent constitutional violation that support the petitioner's claim. Hence, this claim and argument fail to reach the threshold for tolling the Statute of Limitations, or to provide a gateway through which the Court can consider otherwise time-barred claims.

    C.    *Ineffective Assistance of Counsel*

The petitioner also argues that his counsel was ineffective; he could have called George to testify and establish the petitioner's alibi defense at trial if counsel had conducted an adequate investigation. In response, trial counsel has filed an affidavit attesting that he heard George's recorded statement and it "fingered" the petitioner as the killer. Counsel also noted that George was a co-defendant, and that he did not have permission from George's counsel to speak to George about the statement.

To prevail on a claim for ineffective assistance of counsel, the petitioner must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A review of counsel's performance is deferential while asking the question whether it is reasonably likely the result would have been different, if not for counsel's deficient performance. *Harrington v. Richter*, 562 U.S. 86, 111 (2011)(internal

quotation marks omitted). The evidence here shows that counsel was aware of the damaging statements made by George, and assuming that he could call him as a witness and did not, was a reasonable strategic decision.  This claim, too, is denied.

## III.   CERTIFICATE OF APPEALABILITY

Aguilar has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler,* 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Aguilar's claims are time-barred and that his counsel was not constitutionally ineffective.

The Court's other conclusions are not debatable among jurists of reason. Therefore, no COA is issued.

## IV.     ORDER

For the foregoing reasons, Adrian Aguilar's Petition for Writ Of Habeas Corpus (Doc. # 1) is DISMISSED WITH PREJUDICE. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on July 3, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge